

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0401-09

**AMBER LOVILL, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## NUECES COUNTY

JOHNSON, J., filed a concurring opinion in which WOMACK and COCHRAN, JJ., joined.

## C O N C U R R I N G   O P I N I O N

Appellant was placed on community supervision in January 2005. The first motion to revoke was filed in September 2005, nine months later. One of the allegations in that motion was that she had failed to complete drug treatment. The trial judge modified the terms of appellant's supervision and continued her on community supervision, again requiring her to participate in a drug-treatment program. Twenty-two months later, in July 2007, appellant was back in court on a second motion to revoke her community supervision, and once again, the allegations in the motion included failure

to complete drug treatment, plus failure to report, failure to comply with financial obligations, and use of an illegal substance.

The expected judicial response to this pattern of behavior is revocation, but the trial judge elected to again extend the period of supervision and to require appellant to enter a locked-down treatment program. While there was some discussion in court of her pregnancy, the trial judge was very clear that appellant was in court because of her drug use and failure to fulfill other obligations imposed by the terms of her supervision. Appellant's community-supervision officer was also clear that appellant was in court because of her drug use. The recommendation of treatment in a special-needs unit is a common and appropriate response to any defendant with special medical needs, such as diabetics, those with certain disabilities or chronic diseases, and pregnant females.

Appellant's community-supervision officer stated on cross-examination that appellant's drug use and pregnancy "drove this violation report" and that the pregnancy concerned her, but there is no evidence in the record that appellant faced revocation *because of* the pregnancy. Under these facts, only if she were revoked *because of* the pregnancy would she have a legitimate claim of selective prosecution. If her urine samples had been clear of drugs, if she had reported as required, and if she had fulfilled her financial obligations, it is doubtful that a motion to revoke would have been filed. Her pregnancy was incidental to the motion to revoke, not causative.

I concur in the judgment of the Court.


Filed: December 16, 2009
Publish